# EXHIBIT 1

4

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

INTERVISION SYSTEMS, LLC,
                    Plaintiff,

        v.

TIMOTHY BUSKE, ERIC BARKS, BAILEY
SWARTZ, and BRIDGELYNC, LLC.


                    Defendants.

Case No. 4:25-CV-01620-MTS

**[PROPOSED] PERMANENT INJUNCTION ORDER**

WHEREAS, Defendants Timothy Buske, Eric Barks and Bailey Swartz (collectively, the "Individual Defendants") each entered into an agreement (each a "TOE");with their former employer, Plaintiff InterVision Systems, LLC ("InterVision");

WHEREAS, the TOEs were supported by consideration and are enforceable to the extent ordered herein;

WHEREAS, the Individual Defendants had access to Confidential Information and trade secrets of InterVision and its affiliated entities, and developed goodwill on behalf of InterVision and its affiliated entities with customers, prospective customers, employees and others of InterVision and its affiliated entities;

WHEREAS, the Individual Defendants own and/or provide services of a competing nature to InterVision on behalf of BridgeLync, LLC ("BridgeLync");

WHEREAS, InterVision, BridgeLync and the Individual Defendants have entered into a settlement agreement, the terms of which require that the parties jointly seek entry of the below order under the terms set forth below; and

5

NOW, THEREFORE, for the reasons stated above, the Court ORDERS as follows:

1.  From now until **November 30, 2026** (the "Restricted Period"):

    a.  Buske, Barks and Swartz are prohibited from directly or indirectly soliciting, inducing, recruiting, or encouraging any of InterVision's employees to leave their employment, or take away such employees, or attempt to solicit, induce, recruit, encourage or take away employees of InterVision for themselves, BridgeLync or any other person or entity.

    b.  Buske, Barks and Swartz are prohibited from attempting to induce or solicit InterVision's Customers or Prospective Customers to terminate or alter their business relationship with InterVision or solicit the business of InterVision's Customers or Prospective Customers, as those terms are defined in the TOE. "Customers or Prospective Customers" shall be defined as those set forth in the customer list submitted as a Sealed Document [Docket No. 26], which is also referred to as "Exhibit A."

    c.  Buske, Barks and Swartz are prohibited from assisting anyone in attempting to induce or solicit InterVision's Customers or Prospective Customers to terminate or alter their business relationship with InterVision.

    d.  Buske, Barks and Swartz are prohibited from contacting in writing, by phone, in person, electronically or otherwise any Customer or Prospective Customer of InterVision for the purpose of soliciting the Customer or Prospective Customer for the sale of products or services competitive with the products and services offered by InterVision.

6

    e.  Buske, Barks and Swartz are prohibited from accepting employment from or becoming engaged by a Customer or Prospective Customers to provide products or services to or for a Customer or Prospective Customer.

    f.  Buske, Barks and Swartz are prohibited from accepting employment from or being engaged as an independent contractor by any entity to provide products or services to a Customer or Prospective Customer.

    g.  BridgeLync is prohibited from (a) directly or indirectly through any of the Individual Defendants soliciting any InterVision employee to end their employment at InterVision, and (b) directly or indirectly through any of the Individual Defendants soliciting or transacting business with any InterVision Customer or Prospective Customer.

2.    Buske, Barks and Swartz are prohibited from disclosing or using InterVision's confidential information, and BridgeLync is prohibited from using InterVision's confidential information.

3.    To the extent he/she has not already done so, each Individual Defendant shall identify and return all copies of InterVision Confidential Information in his/her possession and not otherwise deleted, purged or remediated by Protek International, Inc.

4.    This Order is binding on any other person, who is in active concert or participation with the Defendants who receive actual notice of it.  *See* Fed. R. Civ. P. 65(d)(2)(C).

5.    This Order may be extended, modified, or dissolved by the Court for good cause shown upon appropriate motion by any party to this litigation.

6.      The Court hereby ENTERS JUDGMENT in favor of Plaintiff on the terms listed above.  The Court retains jurisdiction of the matter for purposes of enforcing the permanent injunction and settlement agreement between the parties.  The Clerk is directed otherwise to close this matter.


Date:  _____                        _____

                                         UNITED STATES DISTRICT COURT